*George Walsh* v. *Launcelot Howard et al.* C. O'Connor, for appellants; L. D. Woodruff and George Wood, for respondents. Order of the vice chancellor reversed, as to the $80 which the respondent paid for the premium of insurance; and as to the residue of the order, it is affirmed; without costs to either party.

Jurisdiction as to foreign corporations.

*George Barclay et al.* v. *Patrick Macanly et al.* D. Selden, for complainant; B. F. Butler, for defendants. Application for a receiver of property assigned to the defendants by the American Life Insurance and Trust Company, of Baltimore, and for an injunction. The chancellor decided that where the officers and trustees of a corporation have assigned its property which is in this state, to persons residing here, and the rights of the stockholders are thereby endangered, this court has power to grant relief; although the corporation itself, is located in another state. But that while the corporation is in existence, the relief which this court, or any other court of chancery, is authorized to grant, would not extend to a distribution of the funds of the institution among its stockholders. Before that can be done, the proper tribunal having jurisdiction of the question must have dissolved the corporation or declared its privileges and franchises forfeited.

Corporation, when a necessary party.

That to such an application as was made in this case the corporation is a necessary party. And the assignment of its funds to trustees will not dissolve the corporation, so as to render it unnecessary to make it a party to the suit.

Order of the vice chancellor refusing to grant an injunction, and to appoint a receiver, affirmed with costs.

*The Long Island Rail Road Company* v. *Charles Smyth et al.* J. A. Lott, for complainants; H. F. Clark and A. W. Bradford, for defendants. Decree of the vice chancellor modified and reversed, with costs to be paid by appellant.